a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDUL K. LUGMAN #06203-078,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00413<br>SEC P |
| VERSUS | JUDGE DRELL |
| J W COX,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed by pro se Petitioner Abdul K. Lugman ("Lugman"). ECF No. 1. Lugman is incarcerated at the Federal Correctional Center in Pollock, Louisiana. Lugman challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Lugman has failed to exhaust administrative remedies, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Lugman alleges that his most recent First Step Act ("FSA") Time Credit Assessment of May 6, 2023, indicates that he started earning time credits on December 21, 2018. He earned at a rate of 10 days per month through July 17, 2019. Thereafter, the BOP increased his earning rate to 15 days per month, and he has remained at that rate. ECF No. 1-2 at 3-4. Thus, his projected release date, via good conduct time, is March 30, 2029. *Id.* Lugman alleges that this date does not consider FSA time credits to which he is entitled.

1

II. <u>Law and Analysis</u>

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). The BOP has a four-step process for resolving complaints by prisoners. *See* 28 C.F.R. § 542.10. Initially, a prisoner must attempt to informally resolve the complaint with staff using a form BP-8. *Id.* at § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy (BP-9) to the Warden. *Id.* at § 542.14. If the prisoner is unsatisfied with the warden's response, he may appeal to the Regional Director (BP-10). *Id.* at § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel (BP-11), which is the final administrative appeal in the BOP remedy process. *See id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Lugman admits that he did not fully exhaust his administrative remedies. He claims exhaustion would be futile because the date he calculates his projected release date has passed. *Id.* at 5. Exceptions to the exhaustion requirement may be appropriate only "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61,

2

62 (5th Cir. 1994). Such exceptions apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating circumstances warranting the waiver of the exhaustion requirement. *Id.*

Lugman has not shown that administrative remedies are inappropriate or futile. The fact that Lugman's sentence might have expired while the administrative remedy process was pending falls short of the "extraordinary circumstances" required. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973); *Todd v. Reiser*, 3:21-CV-109, 2022 WL 1100321, at *2 (S.D. Miss. 2022), *report and recommendation adopted*, 2022 WL 1094653 (S.D. Miss. 2022) (the fact that it takes time to exhaust administrative remedies did not excuse Petitioner from completing the process); *Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. 2014) ("possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required"); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house); *Callahan v. Young*, 2013 WL 3346842, at *2 (W.D. La. 2013) (proper exhaustion was not excused by "the length of time that the administrative process would take"); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone.").

The response from the Regional Director is dated December 7, 2023. ECF No. 1-3 at 28. Lugman had 30 days within which to appeal to the Central Office, but he allowed that time to lapse. *Id.* Over three months later, Lugman filed this habeas Petition claiming that exhaustion would be futile. While exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

Lugman did not attempt to fully exhaust administrative remedies, and he has not alleged extraordinary circumstances to exempt him from that requirement.

### III. Conclusion

Because Lugman has not exhausted administrative remedies, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 22, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE